IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND C. JACKSON, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-3234-D |
| ) | |
| COURT OF CRIMINAL APPEALS, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this petition for writ of mandamus to quash the arrest warrant in his state criminal case. For the foregoing reasons, the petition should be dismissed.

In 2009, Petitioner was convicted of aggravated sexual assault of a child under fourteen years of age, and was sentenced to twenty years in prison. *State of Texas v. Jackson*, No. F-0860876-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., April 16, 2009).

On June 17, 2013, Petitioner filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Jackson v. Stephens*, No. 3:13-CV-2271-N-BF (N.D. Tex.). On May 16, 2014, the district court denied the petition on the merits. On November 13, 2014, the Fifth

Circuit Court of Appeals denied a certificate of appealability. *Jackson v. Stephens*, No. 14-10693 (5th Cir. Nov. 13, 2014).

On June 21, 2016, Petitioner filed a second § 2254 petition. *Jackson v. Davis*, No. 3:16-CV-1661-D-BK. On August 11, 2016, the district court transferred the petition to the Fifth Circuit Court of Appeals as successive. On November 23, 2016, the Fifth Circuit denied authorization to file a second or successive petition. *In re Jackson*, No. 16-11233 (5th Cir. Nov. 23, 2016).

On November 17, 2016, Petitioner filed the instant petition for writ of mandamus. He argues the arrest warrant in his criminal case should be quashed because of perjured trial testimony.

## II. Discussion

Although Petitioner filed this petition as a petition for writ of mandamus, he seeks to vacate his criminal conviction. The petition should therefore be construed as a second or successive petition under 28 U.S.C. § 2244(b).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this

Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III. Recommendation

The undersigned Magistrate Judge hereby recommends that the instant petition for mandamus be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that the petition be dismissed as successive.

Signed this 23 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).